David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq. (NSB #10875)
adiraimondo@rrsc-law.com
Robert E. Opdyke, Esq. (NSB #12841)
ropdyke@rrsc-law.com
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110

Karen A. Peterson, Esq. (NSB #366)
kpeterson@allisonmackenzie.com
**ALLISON MACKENZIE, LTD.**
402 N. Division Street
P.O. Box 646
Carson City, Nevada 89702
Telephone: (775) 687-0202
Facsimile: (775) 882-7918

*Attorneys for Plaintiff Basic Water Company*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BASIC WATER COMPANY, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH WEST ENTERPRISE HOLDINGS, LLC, a Nevada limited liability company,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff BASIC WATER COMPANY ("BWC"), by and through its attorneys of record, the law firm of Rice Reuther Sullivan & Carroll, LLP and the law firm of Allison MacKenzie, Ltd., hereby files this Complaint for Declaratory Judgment and alleges as follows:

**PARTIES**

1. Plaintiff BWC is, and at all material times hereto was, an entity organized under the laws of the State of Nevada and lawfully doing business in Clark County, Nevada.

1

2. Defendant SOUTH WEST ENTERPRISE HOLDINGS, LLC ("South West") is, and at all material times hereto was, an entity organized under the laws of the State of Nevada and doing business in Clark County, Nevada. The Nevada Secretary of State's records reflect Defendant South West's Manager as Mr. Joe Yakubik.

## JURISDICTION AND VENUE

3. This Court has jurisdiction because (a) the acts and omissions complained of herein were committed by Defendant within the State of Nevada, County of Clark, and thus, Defendant has had sufficient minimum contacts with this forum such that the exercise of personal jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice; and (b) there is subject matter jurisdiction for this case which involves property rights initially conveyed by the Federal Government. 28 U.S.C. §1331; *Samuel C. Johnson 1988 Trust v. Bayfield County, Wis*., 649 F.3d 799, 801 (7th Cir. 2011) (finding federal jurisdiction existed over declaratory judgment action "because the property was once owned by the federal government and the plaintiffs ultimately base their suit on the terms of the original federal grants, the suit may be said to arise under federal law as well").

4. Venue is proper in this Court because the subject matter of this Complaint and other acts alleged herein occurred within Clark County, Nevada. Specifically, this Complaint seeks declaratory relief concerning property rights within the City of Henderson, Clark County, Nevada.

## GENERAL ALLEGATIONS

### BWC's Right of Way and Water Line

5. Plaintiff BWC, as assignee of Basic Management, Inc., is the owner of a forty (40) inch water pipeline and related systems and appurtenances (the "BWC Water Line") which lie within a right of way for a water pipeline and related appurtenances issued by the United States under a decision dated October 5, 1954 pursuant to the Act of February 15, 1901 (the "Right of Way").

6. The BWC Water Line constitutes critical infrastructure, supplying water to the City of Henderson and the Black Mountain Industrial Center. Any failure of the BWC Water Line

2

would jeopardize a significant source of water for the City of Henderson, its residents and other customers, including Lake Las Vegas, and would jeopardize the fire protection systems of the industrial plants at the Black Mountain Industrial Center.

7. Further, the BWC Water Line is a water supply source to various Federal agencies operating in Nevada, including the United States National Park Service. Accordingly, any failure of the BWC Water Line would jeopardize the interests and operations of the United States, including the condition and safety of Federal lands. This is significant given Nevada has more than 56,000,000 acres of Federally-owned land and the highest in percentage of any state. Congressional Research Service, *Federal Land Ownership: Overview and Data* (Feb. 21, 2020 update), https://fas.org/sgp/crs/misc/R42346.pdf

8. Defendant South West is the owner of certain parcels of real property located in the City of Henderson and generally described as Clark County Assessor's Parcel Numbers 160-33-801-018, -019, -020 and -021 (collectively, the "South West Property").

9. The BWC Water Line and the Right of Way cross a portion of the South West Property. This has been a matter of public record for decades and long before Defendant South West purchased the South West Property in September 2018. Indeed, after purchase, South West recorded its Parcel Map in March 2020, which acknowledged the Right of Way crossing the South West Property.

## South West's Development Poses
## Significant Risk to BWC's Water Line

10. Defendant South West and its affiliates are developers of various projects in the "Water Street" area of Henderson, Nevada, including mixed-use developments. Julie Wootton-Greener, *Henderson projects aimed at bringing crowds back to Water Street*, LAS VEGAS REVIEW JOURNAL, Aug. 6, 2019.[1]

---

[1] This article includes extensive quotations from Joe Yakubik. As described above, information on file with the Nevada Secretary of State confirms that Mr. Yakubik is the Manager of Defendant South West.

3

11. Defendant South West's development operations include the South West Property, which has been subdivided into four parcels following South West's purchase from Greystone Nevada, LLC.

12. Defendant South West's proposed development of the South West Property includes heavy construction work within Plaintiff BWC's Right of Way. Accordingly, in deciding whether to approve the proposed development, the City of Henderson sought input and approval from Plaintiff BWC and its affiliate(s) as well as from other public utilities, including Southern Nevada Water Authority.

13. On July 16, 2020, the City provided its approval of Defendant South West's development plans subject to the further approvals from BWC and/or its affiliate(s) as well as other public utilities with infrastructure implicated by South West's proposed development.

14. On July 20, 2020, Plaintiff BWC's affiliate provided its approval which included and was specifically made subject to the following:

> Approval of these plans is not approval to occupy the Basic Water Company (BWC) easement. The Owner or Owners contractor must complete the BWC encroachment application and receive an approved encroachment permit prior to the start of work within the easement.

15. Despite the above requirement, Defendant South West never submitted its encroachment permit application as it relates to its work within the Right of Way and indicated it will never do so. Yet, Defendant South West proceeded to commence its development of the South West Property, which included the operation of heavy construction machinery within the Right of Way and over the BWC Water Line. Defendant South West has also blocked BWC's access to the Right of Way, and further engaged in a campaign of harassment and threats against BWC's employees and agents. Defendant South West's activity within the Right of Way threatens the BWC Water Line and is a violation of the rights granted by the Right of Way.

16. The City of Henderson found Defendant South West in violation of applicable law and issued a "red tag" citation. Nonetheless, Defendant South West continued unabated with its construction work within the Right of Way and over the BWC Water Line, and South West

4

refuses to allow BWC to enter its Right of Way to inspect the work which has been done and to maintain the BWC Water Line.

17. On August 25, 2020, Plaintiff BWC's attorney sent correspondence to Defendant South West's attorney advising of the foregoing issues and demanding that South West cease and desist from continuing to conduct its operations without appropriate permitting or other protections in place. This demand letter sternly warned Defendant South West that South West's operations could damage critical infrastructure, which would have disastrous impact on BWC and the public at large. These potential harms include, but are not limited to: (1) BWC incurring significant cost and expense to repair the water pipeline and appurtenances; (2) disruption of water delivery to the City of Henderson as well as Federal and State governments (without any immediately available secondary source); (3) harm to the condition and safety of Federal lands, including national parks or conservation areas; (4) disruption of emergency fire protection water to industrial customers at the Black Mountain Industrial Center; and (5) squandering a precious natural resource through leaks and breaks.

### **Defendant South West's Retaliation**

18. On September 1, 2020, Defendant South West retaliated against Plaintiff BWC by having South West's attorney send a letter purporting to revoke the Right of Way:

> **Re:    Notice of Revocation of Right-of-Way**
>
> Dear Messrs. Carroll and DiRaimondo:
>
> This letter is in response to your correspondence dated August 25, 2020, regarding the purported interest of your client, Basic Water Company and its affiliates, in and to the Property (as your correspondence defines it).
>
> To the extent the Right of Way (as your correspondence defines it) has not been previously terminated as a matter of law, [Defendant South West] hereby revokes the Right of Way pursuant to the authority granted to a "successor" of the Secretary of Interior by 31 Stat. 790 (February 15, 1901) (later codified as 43 USC § 959).
>
> Please do not hesitate to contact us if you have questions.
>
> Sincerely,
>
> Jeffrey F. Barr, Esq.

5

19. Plaintiff BWC disputes Defendant South West's suggestion that the Right of Way has previously been terminated or is otherwise unenforceable. Plaintiff BWC's Right of Way is valid and enforceable as a matter of federal law based on 43 U.S.C. § 959, 43 U.S.C. § 1769, and all regulations issued pursuant thereto, all rights reserved to the United States when the South West Property was patented and the rights of way to which such patent were subject, and subject to the reservations, rights, right of way and easements recorded against the South West Property and all other matters of record as provided in the deeds from Defendant's predecessors.

20. Further, Plaintiff BWC disputes Defendant South West's purported revocation. Federal law does not permit such revocation rights to be exercised here. *Swendig v. Wash. Water Power Co.*, 281 F. 900, 902 (9th Cir. 1922), *aff'd* 265 U.S. 322, 331 (1924) (holding that the Act of 1901 does not permit a subsequent, private landowner to revoke the rights upon which "expensive and permanent construction" and other "improvements" were previously installed by "industries and utilities").

21. Accordingly, it has become necessary for Plaintiff BWC to seek a declaratory judgment in order to protect its rights.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment

22. Plaintiff BWC hereby realleges, reasserts, and incorporates by reference all prior allegations in this Complaint as if they were fully set forth in this paragraph.

23. In cases of actual controversy and within the jurisdiction of the court, any court of the United States may declare rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. *Id.* Federal courts may apply the declaratory judgment statute to determine the existence, validity, and enforceability of rights of way. *Columbia Gas Transmission, LLC v. Vlahos*, 94 F.Supp.3d 728, 737 (E.D. Va. 2015) (declaratory relief appropriate to determine whether landowner's metal fence interfered with right of way containing natural gas pipeline). And, the

6

existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.  Fed. R. Civ. P. 57.

24. There is an actual case and controversy here between Plaintiff BWC and Defendant South West, including, but not limited to, South West: (a) occupying and operating heavy construction machinery within the Right of Way and over the BWC Water Line; (b) blocking BWC's access to the Right of Way, and further harassing and threatening BWC's employees; (c) contending that Plaintiff BWC's Right of Way was terminated as a matter of law or otherwise unenforceable or invalid; and (d) purporting to revoke Plaintiff BWC's Right of Way.

25. This is a definite and concrete dispute, which involves the parties' legal rights and adverse interests, such that the Court may make a definite and immediate determination. Accordingly, the Court should declare:

    a. Plaintiff BWC's Right of Way is valid, existing, and enforceable as a matter of law.

    b. Plaintiff BWC's Right of Way, includes, but is not limited to, the right of ingress and egress of BWC and its affiliates and agents across the South West Property in order to access the Right of Way for purposes including maintenance, inspection, and repair.

    c. Plaintiff BWC's Right of Way has not terminated or extinguished as a matter of law or otherwise.

    d. Defendant South West's purported revocation of the Right of Way is null, void, invalid, and ineffective as a matter of law.

26. As a proximate and necessary result of Defendant's conduct alleged above, it has been necessary for BWC to retain the services of the law firms of Rice Reuther Sullivan & Carroll, LLP and Allison MacKenzie, Ltd. to bring this Complaint.  Accordingly, Plaintiff BWC is entitled to recover its reasonable attorneys' fees and court costs incurred herein as special and foreseeable damages, or in the alternative, as costs of suit.

///

///

7

WHEREFORE, Plaintiff BWC prays for judgment as follows:

1. Declaratory Judgment in favor of BWC and against Defendant South West;
2. Declaratory relief as requested herein;
3. Preliminary and permanent injunctive relief;
4. An award of attorneys' fees and costs in favor of BWC; and
5. Any other relief that the Court deems necessary and appropriate. *See* 28 U.S.C. § 2202.

DATED this 11th day of September, 2020.

**RICE REUTHER SULLIVAN & CARROLL, LLP**

By: /s/ David A. Carroll
David A. Carroll, Esq. (NSB #7643)
Anthony J. DiRaimondo, Esq. (NSB #10875)
Robert E. Opdyke, Esq. (NSB #12841)
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169

-and-

Karen A. Peterson, Esq. (NSB #366)
ALLISON MACKENZIE, LTD.
402 N. Division Street
P.O. Box 646
Carson City, Nevada 89702

*Attorneys for Plaintiff Basic Water Company*

8