1
2
3
4

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

5
6

\* \* \*

7

BASIC WATER COMPANY, INC.,

Case No. 2:20-CV-1678 JCM (EJY)

8

Plaintiff(s),

ORDER

9

v.

10

SOUTH WEST ENTERPRISE HOLDINGS,
LLC, et al.,

11
12

Defendant(s).

13
14

Presently before the court are defendant South West Enterprise Holdings, LLC's

15

("South West") motions to dismiss. (ECF Nos. 6, 22). Plaintiff Basic Water Company

16

("Basic Water") responded in opposition (ECF No. 26) to which South West replied (ECF

17

No. 29).

18

Also before the court is the United States' motion to dismiss.[1] (ECF No. 19). Basic

19

Water responded in opposition (ECF No. 25) to which the government replied (ECF No. 30).

20

## I.    BACKGROUND

21

Basic Water's forty-inch pipeline lies within a right of way issued to its predecessor-

22

in-interest by the government under a decision dated October 5, 1954 pursuant to the Act of

23

February 15, 1901. (Am. Compl. for Decl. J., ECF No. 7 ¶¶ 7, 25). The water line is a

24
25

---

26

[1] Basic Water has named the United States, the United States Department of Interior,
and the United States Bureau of Land Management as defendants. The court refers to these
three defendants collectively as "the government" and "the United States" in this order. *See
Saving Am.'s Mustangs v. Bureau of Land Mgmt.*, No. 3:16-cv-00733-RCJ-VPC, 2017 WL
1371261, at \*2 (D. Nev. Apr. 13, 2017) ("Where a federal agency is named . . . the suit is
simply construed as a quiet title action against the United States for the purposes of the Quiet
Title Act.").

27
28

James C. Mahan
U.S. District Judge

significant water source for the City of Henderson, Black Mountain Industrial Center, and various federal agencies like the National Park Service. (*Id.* ¶¶ 8–9).

Basic Water's water line and right of way traverse developer South West's property. (*Id.* ¶¶ 10–11). South West's proposed development of the property requires "heavy construction work" within Basic Water's right of way. (*Id.* ¶¶ 14–15). At the direction of the City of Henderson, South West gained approval of its development plans from Basic Water's affiliate. (*Id.* ¶ 15). The approval, however, was "not approval to occupy the Basic Water Company (BWC) easement" and South West was required to "complete the BWC encroachment application and receive an approved encroachment permit prior to the start of work within the easement." (*Id.* ¶ 16).

South West began construction without an encroachment permit. (*Id.* ¶ 17). South West not only placed heavy construction machinery over the water line and right of way, but also blocked Basic Water's access to the right of way and threatened its agents and employees. (*Id.*). The City of Henderson found South West in violation of applicable law and "issued a 'red tag' citation" to no avail; South West kept building. (*Id.* ¶ 18).

Basic Water then sent South West a cease-and-desist letter, warning that its construction could "damage critical infrastructure" and have a "disastrous impact on BWC and the public at large," including disrupted water service to Henderson and federal lands. (*Id.* ¶ 19). South West responded in kind with a letter revoking the right of way. (*Id.* ¶ 20). Basic Water asserts that a private subsequent landowner like South West does not have revocation rights. (*Id.* ¶¶ 21–22).

Basic Water seeks a declaratory judgment that its right of way is valid and that South West's purported revocation is void. (*Id.* ¶¶ 21, 30, 33 (citing 28 U.S.C. § 2409a; 43 U.S.C. §§ 959, 1769)). It named the United States, the Department of Interior, and the Bureau of Land Management as defendants alongside South West. (*Id.* ¶¶ 3–4, 25–28). Basic Water alleges that the Department of Interior recognizes the right of way as valid and enforceable. (*Id.* ¶ 26). The agency sends Basic Water annual rental bills which it continues to pay. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

1    Thus, the government is a necessary party as it has a substantial property interest in the right

2    of way.  (*Id.* ¶¶ 24–28).

3        The United States now moves to dismiss under Rule 12(b)(1), arguing that it is

4    immune from suit.  (ECF No. 19 at 1).  It styles this case as a "private dispute" between

5    Basic Water and South West.  (*Id.*).  South West also moves to dismiss under Rule 12(b)(1),

6    arguing that "title to land derived from acts of Congress does not provide a basis for federal

7    question jurisdiction."  (ECF No. 22 at 2).  It too styles this as a dispute "between Nevada

8    citizens concerning title and rights in real property."  (*Id.* at 1).  And the parties and their

9    affiliates are already litigating over the right of way in Nevada state court.[2]  (*Id.* at 2).

10   **II.    LEGAL STANDARD**

11       Dismissal under Federal Rule of Civil Procedure 12(b)(1) is proper if the complaint

12   fails to allege sufficient facts to establish subject matter jurisdiction.  *In re Dynamic Random*

13   *Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).  The

14   party invoking the court's jurisdiction bears the burden of proving that the case is properly in

15   federal court.  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).  It is

16   improper to rule on a Rule 12(b)(1) motion when the "jurisdictional issue and the substantive

17   issues . . . are so intertwined that the question of jurisdiction is dependent on the resolution of

18   factual issues going to the merits."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th

19   Cir. 2004).

20       A Rule 12(b)(1) motion to dismiss can be factual or facial.  "[I]n a factual attack, the

21   challenger disputes the truth of the allegations that, by themselves, would otherwise invoke

22   federal jurisdiction."  *Id.*  "In a facial attack, the challenger asserts that the allegations

23   contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.* at

24   1039.  In resolving a facial attack like the one here, the "court must consider the allegations

25   of the complaint to be true and construe them in the light most favorable to the plaintiff."

26

27       [2] The court takes judicial notice of the parallel state court case and the related records
     attached to the parties' papers.  *See Bolick v. Pasionek*, No. 2:15-cv-177-JCM-NJK, 2015
28   WL 1734936, at *2–3 (D. Nev. Apr. 16, 2015) (taking judicial notice of pleadings and other
     court filings as matters of public record).  Basic Water disputes that the actions are indeed
     parallel.  (ECF No. 26 at 2–4).

*Nevada ex rel. Colo. River Comm'n of Nev. v. Pioneer Cos.*, 245 F. Supp. 2d 1120, 1124 (D. Nev. 2003) (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989)).

The court has subject matter jurisdiction over cases "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a cause of action arises under federal law if (1) federal law creates the cause of action or (2) if state law creates the cause of action, federal law is a necessary element of the claim. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996).

The Ninth Circuit has held that "[i]t must appear from the face of the complaint, affirmatively and distinctly and not merely argumentatively, that the suit really and substantially involves a dispute or controversy respecting the validity, construction, or effect of (a law of the United States), upon the determination of which the result depends." *Standage Ventures, Inc. v. Arizona*, 499 F.2d 248, 249 (9th Cir. 1974) (internal quotations and citations omitted). "The Supreme Court has cautioned that in the context of quiet title suits, the requirement of an actual dispute about federal law is especially important, because otherwise every suit to establish title to land originally granted by the federal government would arise under federal law." 13D Fed. Prac. & Proc. Juris. § 3564 (3d ed.).

## III.   DISCUSSION

To begin with, after South West first moved to dismiss, Basic Water exercised its right under Rule 15(a)(1)(B) to amend its complaint as a matter of course. (ECF No. 7). An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). An amended complaint will also ordinarily moot a pending motion to dismiss. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Thus, South West's motion to dismiss the original complaint (ECF No. 6) is DENIED as moot. The court now turns to South West's motion to dismiss the amended complaint. (ECF No. 22).

**James C. Mahan**
**U.S. District Judge**

- 4 -

## A. South West's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Basic Water invokes federal question jurisdiction on the grounds that this case "involves property rights initially conveyed by the Federal Government." (ECF No. 7 ¶ 5 (jurisdictional statement)). It argues that federal law is "central" here in four ways. (ECF No. 26 at 5). First, this case requires adjudication of a property interest of the United States under the Quiet Title Act, 28 U.S.C. § 2409a.[3] (*Id.*). Second, "the property interest's validity and enforceability is [sic] derived *from a federal decision* (dated October 5, 1954) made pursuant to the Act of February 15, 1901." (*Id.* at 6 (emphasis in original)). Third, "the interpretation of federal law is also central . . . because [p]laintiff's [a]mended [c]omplaint seeks a declaration of rights concerning the right of way *as a matter of federal law.*" (*Id.* at 7 (emphasis in original) (internal citation omitted)). Fourth, the sought-after relief is a declaration that South West's "purported revocation of the right of way fails *as a matter of federal law*" under the Supreme Court's decision in *Swendig*. (*Id.* at 7 (emphasis in original) (citing *Swendig v. Wash. Water 19 Power Co.*, 265 U.S. 322 (1924))). The court will address Basic Water's four contentions in turn.

To start, this case does not arise under the Quiet Title Act. *See* 28 U.S.C. § 1346(f) (granting courts original jurisdiction over cases under the Quiet Title Act). Under the statute, the "United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). "[T]wo conditions must exist before a district court can exercise jurisdiction [ ]: (1) the United States must claim an interest in the property at issue, and (2) there must be a disputed title to real property." *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999). "If either condition is absent, the Act in terms does not apply and the district court lacks jurisdiction to entertain the action." *Id.*

---

[3] Basic Water makes this argument even though it does not bring a claim under the Quiet Title Act. *See generally Saving Am.'s Mustangs*, 2017 WL 1371261, at *2 ("Plaintiff's invocation of the Declaratory Judgment Act may be superfluous in light of the claim under the Quiet Title Act, but that does not change the nature of the action as one for quiet title.").

A complaint asserting a Quiet Title Act claim must "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest **claimed by the United States**." *Id.* § 2409a(d) (emphasis added).[4]  The "disputed title" requirement is "read narrowly" meaning that "the United States must have adopted a position in conflict with a third party regarding . . . title." *Mills v. United States*, 742 F.3d 400, 405 (9th Cir. 2014).

Basic Water does not allege that the government *affirmatively* claims a conflicting property interest in the right of way nor can it.  The United States says it has no interest at stake; it moved to be dismissed from this "private dispute" based on sovereign immunity. (ECF No. 30 at 1).  Instead, Basic Water alleges government *inaction*: "[The government] has never provided [p]laintiff any notice that the United States no longer owns, controls, or manages the [r]ight of [w]ay."  (ECF No. 7 ¶ 27).  In fact, Basic Water concedes that its "position is, essentially, **aligned**" with the government—"similar to a lessor-lessee relationship"—and asks the court to designate the government as an "involuntary plaintiff" under Rule 19.  (ECF No. 25 at 4–5 n.1 (emphasis added)).  And the government's rental bills are unpersuasive evidence of a conflicting property interest in the right of way.

In sum, this dispute does not arise under the Quiet Title Act.  "[T]he dispute must be between asserted interests of [plaintiff] and the United States; a dispute between [plaintiff] and some third party claiming an interest for itself" does not fall under the statute.  *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1192 (9th Cir. 1999).  The government calls this a "private dispute" between Basic Water and South West and the court agrees.  (ECF No. 19 at 1).  And after all, the complaint invokes the statute only once in passing.  (ECF No. 7 ¶ 8).

Basic Water's remaining three arguments in support of federal question jurisdiction are equally unavailing if not conclusory.  Just because it seeks a declaration of rights "as a matter of federal law" does not mean there is a federal question.  (*Id.* ¶ 21).  The Declaratory

---

[4] The complaint does not meet these pleading requirements.  As pointed out by South West, Basic Water offers few if any factual allegations to prove its chain of title.  (ECF No. 22 at 3).  The complaint is silent on whom the United States first granted the right of way, and how Basic Water—as assignee to Basic Management Inc.—is the current owner or holder of the right of way.  (*Id.*).

James C. Mahan
U.S. District Judge

Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction.[5] *Staacke v. United States Sec'y of Lab.*, 841 F.2d 278, 280 (9th Cir. 1988). The statute merely provides "an additional remedy in cases where jurisdiction is otherwise established." *Id.*

Yet "[f]ederal land patents and acts of Congress do not provide bases for federal question jurisdiction." *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000). And based on the face of the complaint, the validity, construction, or effect of the Act of February 15, 1901 or 43 U.S.C. § 1769 is not determinative. That is why Basic Water's repeated invocation of *Samuel C. Johnson 1988 Tr. v. Bayfield Cty., Wis.*, 520 F.3d 822 (7th Cir. 2008), is inapposite. (*See, e.g.*, ECF No. 26 at 5). Unlike here, the "centrality" of interpreting federal law—Congress's disposal of reversionary interests under 43 U.S.C. § 912 and 16 U.S.C. § 1248(c)—conferred federal question jurisdiction there. *Samuel C. Johnson 1988 Tr.*, 520 F.3d at 828. And just because the court may have to interpret and apply *Swendig* does not mean that interpreting federal law is *central* here either as explained in *Merrell Dow*. *See Merrell Dow*, 478 U.S. at 808–10.

In sum, it is not apparent from the face of the complaint that Basic Water's cause of action was created by federal law, *see Merrell Dow*, 478 U.S. at 808, or that the validity,

---

[5] Although South West does not make this argument, Basic Water's single claim under the Declaratory Judgment Act may also militate toward the court not exercising subject matter jurisdiction here even if the case were properly before the court. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) (holding that a court can make a sua sponte jurisdictional determination over a declaratory relief action regarding state law). The court has "unique and substantial discretion" to decide whether to issue a declaratory judgment under the statute. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also* 28 U.S.C. § 2201(a) (stating that "courts **may** declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)).

The court's discretion is guided by the factors in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), which the Ninth Circuit described as (1) avoidance of needless determination of state law issues, (2) discouragement of the filing declaratory actions as a means of forum shopping, and (3) avoidance of duplicative litigation. *Dizol*, 133 F.3d at 1225; *see also Dizol*, 133 F.3d at 1225 n.5 (enumerating other considerations).

The prudential *Brillhart* factors weigh toward not exercising subject matter jurisdiction. As discussed, the parties are litigating in a parallel state court suit. *See supra* n.2. And the Ninth Circuit has held that federal courts should "decline to assert jurisdiction in . . . declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule." *Emps. Reinsurance Corp. v. Karussos*, 65 F.3d 796, 801 (9th Cir. 1995), *overruled in part on other grounds by Dizol*, 133 F.3d 1220 (internal quotation marks and citation omitted).

construction, or effect of federal law is determinative. *See Standage Ventures*, 499 F.2d at 249. This is a dispute between Nevada citizens over Nevada property. It does not "necessarily turn on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9. Or as South West puts it: "Other than [Basic Water] tracing its putative interest in the right-of-way at issue to the United States, [it] alleges no other federal issue in this case." (ECF No. 29 at 4). South West's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

### B. The United States' Motion to Dismiss based on Sovereign Immunity

Because the court grants South West's motion to dismiss for lack of subject matter jurisdiction, the government's motion to dismiss based on sovereign immunity is DENIED as moot. Even so, the court's ruling that this case does not arise under the Quiet Title Act would mean that the government has not waived its sovereign immunity here. *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) ("The Quiet Title Act waives the United States' sovereign immunity if a claim properly is brought within the Court's initial jurisdiction under the Act.").

### C. Basic Water's Request for Leave to Amend

Basic Water asks for leave to amend as it "may be able to plead additional factual allegations and legal theories supportive of federal jurisdiction." (ECF No. 26 at 9; *see also* ECF No. 25 at 5 ("[T]o any extent that the court is inclined to dismiss because the Amended Complaint does not specifically reference "quiet title" or the "Quiet Title Act" in those words, Plaintiff respectfully requests an opportunity to further amend its pleading.")).

The court must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *see also* 28 U.S.C. § 1653 (permitting amendment of defective jurisdictional allegations). If the jurisdictional defect is not a matter of inartful pleading but one of substance, the court cannot grant leave to amend. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 n.3 (9th Cir. 1988); *accord Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) (holding that 28 U.S.C. § 1653 does not "empower federal courts to amend a complaint so as to produce jurisdiction

**James C. Mahan**
**U.S. District Judge**

- 8 -

where none actually existed before"). In fact, "if jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Morongo*, 858 F.2d at 1380 (internal quotation marks and citation omitted).

The court rules that the lack of subject jurisdictions is not a matter of defective allegations. This case does not arise under federal law and no new factual allegations can change that. Basic Water's request for leave to amend its complaint is DENIED.

**IV. CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that South West's motion to dismiss (ECF No. 6) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the government's motion to dismiss (ECF No. 19) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that South West's motion to dismiss for lack of subject matter jurisdiction (ECF No. 22) be, and the same hereby is, GRANTED. This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

The clerk shall close the case.

DATED April 28, 2021.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE